Opinion filed August 31,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00034-CV 

                                                    __________

 

                             IN
THE INTEREST OF T.B., A CHILD



 

                                   On
Appeal from the 318th District Court

                                                          Midland
County, Texas

                                                 Trial
Court Cause No. FM 50,489

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
trial court entered an order terminating the parental rights of T.B.’s mother
and father.  The father (appellant) has filed a notice of appeal from the termination
order.  T.B.’s mother has not filed an appeal.  We affirm.

Issues

            Appellant
presents seven issues for review.  In the first issue, appellant contends that
the trial court abused its discretion by modifying the pretrial scheduling
order and allowing documentary evidence of appellant’s criminal history to be
admitted into evidence.  In his second and third issues, appellant challenges
the legal and factual sufficiency of the evidence supporting the finding that
he engaged in conduct or knowingly placed T.B. with persons who engaged in
conduct that endangered T.B.’s physical or emotional well-being.  In the fourth
and fifth issues, appellant challenges the legal and factual sufficiency of the
evidence supporting the finding that appellant engaged in criminal conduct that
resulted in his conviction of an offense and confinement for not less than two
years from the date of the filing of the amended petition.  In the sixth and seventh
issues, appellant asserts that the evidence is legally and factually
insufficient to support the finding that termination is in the best interest of
T.B.  

Admission
of Criminal History

            Appellant
complains in his first issue of the admission into evidence of State’s Exhibit
No. 2, a certified copy of the judgment from the U.S. District Court, Western
District of Texas, showing that appellant had been convicted on April 28, 2009,
of the offense of possession with intent to distribute cocaine base and had
been sentenced to serve a term of seventy months in prison.  Appellant objected
to the exhibit because the Department of Family and Protective Services did not
list that document in its exhibit list as required by the trial court’s
pretrial scheduling order, because the document was not provided in discovery,
and because it constituted an unfair surprise to appellant.  The Department conceded
that it had not provided a copy to appellant and that it had omitted the
document from its exhibit list, but the Department asserted that the document
created no undue surprise and was a certified copy of a public document
available at the clerk’s office.  The trial court overruled appellant’s
objections and offered appellant’s attorney time to review the document and to
look up any further information that he might need.  Appellant’s attorney
declined the offer, stating that he did not need any additional time.

            Whether
to admit or exclude evidence is a matter committed to the trial court’s sound
discretion.  Interstate Northborough P'ship v. State, 66 S.W.3d 213, 220
(Tex. 2001).  We review the trial court’s admission or exclusion of evidence
under an abuse of discretion standard.  City of Brownsville v. Alvarado,
897 S.W.2d 750, 753 (Tex. 1995).  A trial court abuses its discretion if it
acts in an arbitrary or unreasonable manner without reference to any guiding
rules or principles.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985).  Tex. R. Civ.
P. 166 authorizes a trial court to modify a ruling regarding a pretrial
conference, and Tex. R. Civ. P.
193.6 permits a trial court to admit evidence not provided during discovery if
the offering party shows either (1) good cause for its discovery failure or (2)
the lack of unfair prejudice or unfair surprise to the opposing party.  The
trial court has discretion to determine whether the offering party met its
burden.  Bellino v. Comm’n for Lawyer Discipline, 124 S.W.3d 380, 383-84
(Tex. App.—Dallas 2003, pet. denied).  In the absence of such a showing, the
trial court may grant a continuance or temporary postponement based upon the
new information.  Rule 193.6(c).  

            Since
one of the grounds upon which the Department specifically sought termination was
appellant’s conviction, the trial court could have determined that the
introduction into evidence of the judgment from that conviction would not
unfairly surprise appellant.  In addition to the documentary evidence,
appellant and another witness testified regarding appellant’s conviction. 
Also, appellant declined the trial court’s offer to postpone the proceeding to
allow him time to prepare for the admission of the judgment.  We cannot hold
that the trial court abused its discretion in admitting into evidence a
certified copy of appellant’s judgment of conviction.  Appellant’s first issue
is overruled.  

Legal
and Factual Sufficiency

            In
his remaining issues, appellant challenges the legal and factual sufficiency of
the evidence to support termination.  Termination of parental rights must be
supported by clear and convincing evidence.  Tex.
Fam. Code Ann. § 161.001 (Vernon Supp. 2010).  To determine on appeal if
the evidence is legally sufficient in a parental termination case, we review
all of the evidence in the light most favorable to the finding and determine
whether a rational trier of fact could have formed a firm belief or conviction
that its finding was true.  In re J.P.B., 180 S.W.3d 570, 573 (Tex.
2005).  To determine if the evidence is factually sufficient, we give due
deference to the finding and determine whether, on the entire record, a
factfinder could reasonably form a firm belief or conviction about the truth of
the allegations against the parent.  In re C.H., 89 S.W.3d 17, 25-26 (Tex.
2002).  

            To
terminate parental rights, it must be shown by clear and convincing evidence
that the parent has committed one of the acts listed in Section 161.001(1)(A)-(T)
and that termination is in the best interest of the child.  Section 161.001. 
In this case, the trial court found that appellant committed two of the acts
listed in Section 161.001(1).  The trial court found that appellant had engaged
in conduct or knowingly placed the child with persons who engaged in conduct
that endangered the physical or emotional well-being of the child and had
engaged in criminal conduct that resulted in his conviction of an offense and
confinement and inability to care for the child for not less than two years
from the date of the filing of the petition.  See Section 161.001(1)(E),
(Q).  The trial court also found that termination was in the child’s best
interest.  See Section 161.001(2).  

            The
record shows that both parents were incarcerated at the time of trial but that
appellant participated by phone.  The Department became involved with T.B. when
he was almost two years old.  T.B.’s aunt called the Department and requested
that the Department take T.B. into custody because she could no longer care for
him due to her work schedule and his special needs.  T.B. suffers from
Hirschsprung’s disease.  T.B. had been left with his aunt when T.B.’s mother
was incarcerated for a drug-related charge.  When the Department took custody,
appellant had already been incarcerated for the federal offense of possession
with intent to distribute cocaine base, and T.B.’s mother was in a federal
prison awaiting trial for the offense of possession with intent to distribute
five grams or more of cocaine base.  T.B. was placed into foster care and then
into the care of a paternal relative whom we will refer to as Barbara.

The
Department filed a petition on January 5, 2010, and an amended petition on
March 31, 2010, requesting termination of appellant’s rights.  The
Department’s conservatorship worker, Nedrie Simmons, testified that appellant’s
expected release date from prison is November 10, 2013.  That date is well over
two years from the date that either petition was filed.  Appellant testified
that, if he were to complete a 500-hour drug treatment program – which would
qualify him for twelve months off his sentence – and if he were to receive the
full amount of good-time credits per year, he still would not be out of prison
within two years of the petition’s filing date.  Appellant did not know when he
would be released.  Based on the evidence before it, the trial court could
reasonably have formed a firm belief or conviction that appellant had engaged
in criminal conduct that resulted in his conviction of an offense and
confinement and inability to care for T.B. for not less than two years from the
date of the filing of the petition and the amended petition.  See
Section 161.001(1)(Q).  We cannot hold that this finding is not supported by
clear and convincing evidence.  Appellant’s fourth and fifth issues are
overruled.

With
respect to his second and third issues, we note that the evidence introduced at
trial merely showed that appellant had been convicted of the drug-related
offense and that he had not had any contact with T.B. since the Department
became involved.  Beyond mere incarceration, however, the evidence does not show
that T.B. was endangered by appellant’s conduct.  See Tex. Dep’t of Human Servs.
v. Boyd, 727 S.W.2d 531, 533-34 (Tex. 1987).  Nothing in the record
indicates that T.B. was present during the commission of any offense, that
appellant engaged in a course of conduct that had the effect of endangering
T.B.’s physical or emotional well-being, or that appellant knowingly placed the
child with anyone who engaged in conduct endangering T.B.  See id.  Consequently,
we sustain appellant’s second and third issues.  However, the trial court’s
finding under Section 161.001(1)(Q) is sufficient to support termination as
long as termination was shown to be in T.B.’s best interest.  See Section
161.001.  

            The next
question we must address is whether the best interest finding is supported by
legally and factually sufficient evidence.  With respect to the best interest
of a child, no unique set of factors need be proved.  In re C.J.O., 325
S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied).  But courts may use the
non-exhaustive Holley factors to shape their analysis.  Holley v.
Adams, 544 S.W.2d 367, 371-72 (Tex. 1976).  These include, but are not
limited to, (1) the desires of the child, (2) the emotional and physical
needs of the child now and in the future, (3) the emotional and physical danger
to the child now and in the future, (4) the parental abilities of the
individuals seeking custody, (5) the programs available to assist these
individuals to promote the best interest of the child, (6) the plans for the
child by these individuals or by the agency seeking custody, (7) the stability
of the home or proposed placement, (8) the acts or omissions of the parent that
may indicate that the existing parent-child relationship is not a proper one,
and (9) any excuse for the acts or omissions of the parent.  Id. 
Additionally, evidence that proves one or more statutory grounds for
termination may also constitute evidence illustrating that termination is in
the child’s best interest.  C.J.O., 325 S.W.3d at 266.

The
record shows that T.B. was too young to express any desires but that his
physical and emotional needs were being met by Barbara.  T.B. had thrived in
her home and had bonded with her.  Trial was held in December 2010.  Appellant
had not seen T.B. since March 2009 and had not had any contact whatsoever with
T.B. during the Department’s involvement with T.B.  T.B.’s special medical
needs were being met by Barbara.  Barbara wanted to adopt T.B., and the
Department’s plan for T.B. was adoption by Barbara.  Barbara and Simmons both
testified that termination of the parents’ rights would be in T.B.’s best
interest.  Based on the evidence presented at trial, the trial court could
reasonably have formed a firm belief or conviction that termination of
appellant’s parental rights would be in T.B.’s best interest.  We cannot hold
that this finding is not supported by clear and convincing evidence.  The
evidence is both legally and factually sufficient to support the finding that
termination of appellant’s parental rights is in the best interest of T.B.  Appellant’s
sixth and seventh issues are overruled.  




 

This
Court’s Ruling

            We
affirm the trial court’s order terminating the parental rights of T.B.’s father.

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

August 31, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.